UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-515-RJC

| ERNEST WENDELL SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Docs. 13, 14), Defendant's Motion for Summary Judgment, (Doc. 16), and Memorandum in Support, (Doc. 16-1).

## I. BACKGROUND

### A. Procedural Background

Plaintiff Ernest Wendell Smith seeks judicial review of Defendant's denial of his social security claim. (Doc. 13). Plaintiff filed an application for Title XVI disability benefits on November 23, 2009, alleging that he became disabled on November 23, 2009 from a combination of impairments that include "back disorder, bilateral sacroiliititis, hepatitis C, hypertension, right wrist disorder, and right shoulder impairment." (Doc. 14). The Commissioner denied the claim on June, 17, 2010, and later on reconsideration. (Docs. 14, 16-1). Plaintiff then requested a hearing by an Administrative Law Judge (ALJ), who denied his claim on January 3, 2012. (Doc. 16-1). The requested review by the Appeal Council was denied on April 11, 2013, whereupon, the ALJ's holding became the Commissioner's final decision.

1

(Id.).

B.  Factual Background

The question before the ALJ was whether Plaintiff was "disabled" as defined for Social Security purposes. (Doc. 12-3). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if the claimant is disabled as of November 23, 2009. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). If the ALJ determines the Plaintiff is not disabled at any step in the sequential analysis, the claim fails and the evaluation need not go on to the next step. (Doc. 12-3 at 19).

2

In this case, the ALJ determined that Plaintiff's was not disabled within the meaning of the Act. (Id. at 20). At step one, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since November 23, 2009. (Id.). At the second step, the ALJ found that Plaintiff has the following impairments: back disorder, bilateral sacroiliititis, hepatitis C/cirrhosis, hypertension, and right wrist disorder. (Id.). The combination of impairments "limit the claimant's ability to perform basic work activities and are consequently severe." (Id.). At the third step, however, the ALJ found the Plaintiff to not be disabled within the meaning of the Act. (Id.). Plaintiff did not have an impairment or combination of impairments that meet the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (the Listings). (Id. at 21). Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform unskilled light work "provided that the work involves no more than occasional postural activity, and no climbing, heights, or hazards." (Id. at 22). In making his finding, the ALJ specifically stated that the Plaintiff's allegations concerning the severity of his symptoms were not entirely credible because the medical findings do not fully support his allegations. (Id.). Finally, the ALJ found at step five that Plaintiff could not perform his past relevant work as a laborer, however, there were jobs that exist in significant numbers in the national economy in which Plaintiff could perform light work with minimal exertion levels. (Id. at 24).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de

3

novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law at step four of the sequential analysis for failing to account for Plaintiff's limited "ability to reach and handle objects" and the Plaintiff's sacroiliitis and discogenic pain in the RFC determination. (Doc. 14).

The ALJ is charged with determining the claimant's RFC. 20 C.F.R. § 416.946(b). In the present case, the ALJ found upon consideration of the medical evidence that, while Plaintiff's impairments could reasonably be the cause of the alleged pain, "statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible." (Doc. 12-3

4

at 22). Plaintiff has "some difficulty with heavy lifting and frequent bending" due to osteoarthritis, age-related changes in the lumbar spine, and pain in the right wrist. (Id.; Doc 12-4 at 78-79). Although Plaintiff has reported pain and limitations in reaching, he has not been diagnosed with any major structural damage to either his back or wrist. (Id.). Therefore, the consulting physician opined that Plaintiff's "musculoskeletal impairments are not so severe as to prevent claimant from performing at least a limited range of light work on a sustained basis." (Id. at 23). The ALJ adopted the opinion of the consulting physician. (Id.). Moreover, Plaintiff has a history of not receiving earnings for years at a time and has filed four previous Title XVI applications for disability benefits prior to the current claim. (Doc. 12-3 at 23; Doc. 12-6). Additionally, just prior to submitting his fifth Title XVI claim, Plaintiff's primary care physician "indicated that he could work without limitation or modifications." (Doc 12-3 at 23; Doc. 12-9 at 83-84). The ALJ's conclusions are supported with substantial evidence and consistent with the various consulting medical examiners who concluded Plaintiff could perform light work despite limitations to his range of motion and grip strength. (Doc. 12-4).

Even assuming the merit of any of Plaintiff's aforementioned objections to step four of the sequential analysis, the claim still fails at multiple levels. At step three, the ALJ determined Plaintiff's impairments do not meet the Listing requirements set forth in Appendix 1 to Subpart P, 20 CFR Part 404. (Doc. 12-3 at 21). Furthermore, Plaintiff does not allege that his impairments either singly or combined meet a particular Listing that would satisfy step three. (Id.). Additionally, Plaintiff's disability claim failed at step five. (Id. at 25). After considering of Plaintiff's RFC and physical limitations, the ALJ found there to be a significant number of jobs in the national economy that Plaintiff is capable of performing. (Id.)

IV. CONCLUSION

For the reasons stated above, the Court finds the ALJ's findings are supported by substantial evidence. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 13) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 16).

The Clerk of Court is directed to close the case.

Signed: July 28, 2014

Robert J. Conrad, Jr.
United States District Judge